UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR MONEY LAUNDERING INVESTIGATION | ML No: 1:23-ml-00789 |

*Reference:*    DOJ Ref. # CRM-182-76874

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Turkey. In support of this application, the United States asserts:

RELEVANT FACTS

1. The Competent Authority of Turkey, the Ministry of Justice, submitted a request for assistance (the Request) to the United States, pursuant to the Treaty on Extradition and Mutual Assistance in Criminal Matters between the United States of America and the Republic of Turkey, U.S.-Turk., June 7, 1979, 32 U.S.T. 3111 (the Treaty).

2. As stated in the Request, the Chief Public Prosecutor's Office in Turkey is investigating Ugur Ozdemir (Ozdemir) and others, for laundering of assets acquired from an

offense, which occurred between on or about February 24, 2014 and May 14, 2018, in violation of the criminal law of Turkey, specifically, articles 282 and 53 of the Turkish Criminal Code. Under the Treaty, the United States is obligated to assist in response to the Request.

3. According to Turkish authorities, Ozdemir, a resident of the United States, allegedly orchestrated the transfer of funds from bank accounts in the United States to Turkish bank accounts. Ozdemir then directed these Turkish bank account holders to meet with designated money couriers and to deliver these transferred funds. According to Witness-1, who resides in Turkey, Ozdemir contacted him on social media and discussed plans to coordinate a series of money transfers from the United States to Turkey. Following these discussions, and at the direction of Ozdemir, Witness-1 traveled to a variety of locations in Turkey and met with individuals who received transfers from Ozdemir-controlled bank accounts in the United States. Witness-1 collected portions of these money transfers in cash from the account holder, then delivered the cash to a series of Ozdemir-designated individuals in Turkey.

4. Witness-1 also confirmed that he later used a Turkish bank account, held by his wife, to receive transfers from Ozdemir-controlled accounts in the United States. Witness-1's wife further confirmed to Turkish authorities that she was unemployed. Regarding the source and purpose of the fund transfers, Witness-1 further confirmed that Ozdemir did not provide any information as to the source of the money or the purpose of such transfers.

5. Following the admissions of Witness-1 and his wife, Turkish authorities reviewed financial transaction data held by Turkish financial authorities. This transaction analysis revealed multiple transfers throughout the investigation timeframe from banks in Switzerland, the United Kingdom, and the United States. The table below details bank transfers from the United States to Turkish accounts controlled by Ozdemir:

| Date | Sending Bank Account Number | Amount (USD) | Recipient Turkish Bank Account Holder |
|---|---|---|---|
| April 24, 2018 | Wells Fargo Bank, N.A. Account Number: XXXXX5681 | 1,995 | Witness-1's Wife |
| May 2, 2018 | Bank of New York Mellon Account Number: XXXXXXXXXXXXX7660 | 9,500 | Witness-1's Wife |
| May 11, 2018 | Standard Chartered Bank Account Number: XXXXXXXXXXXXXX4284 | 9,709.19 | Witness-1's Wife |

Given the frequency of transactions and the information provided by Witness-1 and his wife, Turkish authorities believe Ozdemir directed these bank transfers and Turkish courier receipt of funds to obscure the source of, as well as the purpose for, the money transfers in violation of Turkish law.

6. To further the investigation, Turkish authorities have asked U.S. authorities to provide bank records pertaining to Wells Fargo Bank, N.A. account number XXXXX5681, Bank of New York Mellon account number XXXXXXXXXXXXX7660, and Standard Chartered Bank account number XXXXXXXXXXXXXX4284 and to interview associated account holder(s).

## LEGAL BACKGROUND

7. A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8. The United States and Turkey entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures.  Treaty, art. 21, ¶ 3.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Treaty, art. 25, ¶ ("The appropriate judicial officers and other officials of the Requested Party shall use all means within their power under the laws of the Requested Party to execute requests.").

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*              \*              \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*              \*              \*

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

11. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4] Upon

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16,

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including: (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things. See 18 U.S.C. § 3512(a)(1)--(b)(1). In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence. 18 U.S.C. § 3512(a)(1).

12. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents. The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things. 18 U.S.C. § 3512(b)(2). In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena." Any such subpoena may be served or executed anywhere in the United States. 18 U.S.C. § 3512(f).

REQUEST FOR ORDER

13. The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself. Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section

---

2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge. See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

6

3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Competent Authority in Turkey and seeks assistance in the investigation of laundering of assets acquired from an offense – a criminal offense in Turkey. The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records and witness interview(s), falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

15.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987).  Accordingly, this Court should authorize a commissioner to

collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

16.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Philip R. Mervis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:     *Philip R. Mervis*
Philip R. Mervis
Trial Attorney
FL Bar Number 41633
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2718
Philip.Mervis@usdoj.gov